In the Matter of the Estate and Will of DANIEL G. BOWEN, Deceased.

### No. 906; July 9, 1866.

**Process—Constructive Service—Compliance With Statute.—** When a mode of service of process, other than personal service, is adopted, a strict compliance with the conditions imposed by the statute must be shown, or the service will be bad.

**Process.—A Proof of Service by Mail That Fails** to state that the party for whom the service was to be made resides in the place of the mailing, and that the party upon whom the service was to be made resides in the place of the address, is defective under the statute.

See Will of Bowen, 34 Cal. 682.

SANDERSON, J.—Counsel for appellant seem to have misapprehended the status of the case in this court.  It stands before us on motion of the respondent to dismiss the appeal upon sundry grounds specified by him in writing and duly filed under the thirteenth rule of this court, among which is that the transcript shows no service on him of the notice of appeal, and that the appeal was not taken in time.  The case has never been submitted on its merits, but was continued at our suggestion, being impressed with the idea that the respondent's motion must prevail, to await its decision.  Counsel for the appellant has, however, filed a brief on the merits, but containing very little upon the only questions now before us, and nothing at all upon the question as to whether the record shows service of the notice of appeal, and whether the appeal was taken in time.

1. The record fails to show service of the notice of appeal. Service was attempted by mail under sections 520, 521 and 522 of the Practice Act.  Where a mode of service other than

personal is adopted, a strict compliance with the conditions of the statute must be shown or the service will be bad. The conditions upon which service by mail may be made are: 1. The party serving and the party to be served must reside at different places; 2. There must be a regular communication by mail between those places; and 3. The notice must be deposited in the postoffice addressed to the party to be served at his place of residence and the postage paid. The proof of service is defective in not stating that the parties reside in different places. It fails to show that M. S. Chase, who makes the service, resides at Martinez, where the notice was mailed, and that Messrs. Clarke & Carpentier, the parties upon whom service was to be made, reside at San Francisco, the place of address: Anonymous, 1 Hill, 217; Anonymous, 25 Wend. 677; Birdsall v. Taylor, 1 How. Pr. (N. Y.) 89; Bross v. Nicholson, 1 How. Pr. (N. Y.) 158; Schenck v. McKie, 4 How. Pr. (N. Y.) 246; Peebles v. Rogers, 5 How. Pr. (N. Y.) 208; Jackson ex dem. Norton v. Gardner, 2 Caines (N. Y.), 95; Jackson v. Giles, 3 Caines (N. Y.), 88; Paddock v. Beebee, 2 Johns. Cas. (N. Y.) 117.

2. The point that the appeal was not taken in time is untenable. The notice was filed in the clerk's office and a copy deposited in the postoffice on the last day for appeal. This was sufficient. In the case of service by mail, the time for making service is extended one day for every twenty-five miles of distance between the place of deposit and the place of address: Sec. 522.

Appeal dismissed.

We concur: Sawyer, J.; Rhodes, J.; Shafter, J.; Currey, C. J.